## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| HENRY YOUNG, SR. and | ) | |
| CHRISTINE YOUNG | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.:  5:13-cv-362 |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMAND** |
| CITY OF MACON, GEORGIA and | ) | |
| SERGEANT JEREMY MALONE, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT CITY OF MACON
## TO PLAINTIFFS' COMPLAINT

COMES NOW, CITY OF MACON, named as a Defendant in the above-captioned action, and by and through its attorneys, hereby files this Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant does not have an ordinance, policy, regulation, custom or usage, which authorizes, directs or permits any of its officials, agents or employees to violate any of the constitutional or statutory provisions set forth in Plaintiffs' Complaint, and Plaintiffs' Complaint, therefore, fails to state a claim against this Defendant.

## THIRD DEFENSE

The conduct alleged in Plaintiffs' Complaint does not implement or result from a policy, custom, usage, practice, regulation, statement, or decision of this Defendant.  Therefore, Plaintiffs are not entitled to recover from this Defendant in any amount.

## FOURTH DEFENSE

No person having final decision-making authority to act on behalf of Defendant City of Macon acted or failed to act in any manner which deprived the Plaintiffs of any federal or constitutionally-protected rights.

## FIFTH DEFENSE

Plaintiffs' rights, privileges and immunities secured under the Constitution or laws of the United States have not been violated by any alleged actions of this Defendant.

## SIXTH DEFENSE

This Defendant shows that Plaintiffs' alleged injuries and damages, if any, were caused entirely by the conduct and illegal actions of the Plaintiffs.  Any injuries or damages of which the Plaintiffs complain were not the proximate result of any actionable act or omission attributable to this Defendant.  Therefore, Plaintiffs are not entitled to recover from this Defendant in any amount.

## SEVENTH DEFENSE

Defendant City of Macon is not liable to suit for this cause of action by reason of O.C.G.A. § 36-33-3 which provides:

> "A municipal corporation shall not be liable for the torts of a policeman or other officers engaged in the discharge of the duties imposed on them by law."

**EIGHTH DEFENSE**

Defendant City of Macon is entitled to absolute, sovereign, governmental, and municipal immunity for some or all of the claims brought against it by Plaintiffs.   Therefore, Plaintiffs are not entitled to recover from this Defendant in any amount.

**NINTH DEFENSE**

Plaintiffs' claims against this Defendant are barred by the doctrine of qualified and official immunity.  Therefore, Plaintiffs are not entitled to recover from this Defendant in any amount.

**TENTH DEFENSE**

At all times pertinent to Plaintiffs' Complaint, this Defendant acted on the basis of probable cause and arguable probable cause.

**ELEVENTH DEFENSE**

Without waiving any of the foregoing defenses contained herein, Defendant City of Macon hereby answers the specifically-numbered paragraphs of Plaintiffs' Complaint as follows:

**JURISDICTION AND VENUE**

1.

This Defendant acknowledges that Plaintiffs have brought their Complaint pursuant to the Constitution of the United States, specifically 42 U.S.C.A. § 1983, and the Constitution of the State of Georgia, but this Defendant denies that Plaintiffs are entitled to any relief pursuant to the Constitution of the United States and/or the Constitution of the State of Georgia.

2.

The allegations contained in Paragraph 2 of Plaintiffs' Complaint are admitted.

3.

The allegations contained in Paragraph 3 of Plaintiffs' Complaint are admitted.

## **PARTIES**

4.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiffs' Complaint and can neither admit nor deny the same.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are admitted.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint are admitted.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied.

9.

Defendant City of Macon admits that Plaintiff Christine Young served a "Notice of Claim" upon Mayor Robert Reichert dated October 26, 2011.  Defendant City of Macon denies that Plaintiff Henry Young, Sr. and Plaintiff Christine Young complied with the requirements set forth in O.C.G.A. § 36-33-5.  Therefore, the allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in first sentence of paragraph 10 of Plaintiffs' Complaint and can neither admit nor deny the same.  This Defendant denies the second sentence in Paragraph 10 of Plaintiffs' Complaint.

11.

This Defendant admits that Defendant Sergeant Jeremy Malone was acting under color of and pursuant to the laws of the State of Georgia, City of Macon, and United States of America at all times pertinent to Plaintiffs' Complaint.  This Defendant further admits that Defendant Sergeant Jeremy Malone was P.O.S.T. Certified and employed as a law enforcement officer by the City of Macon/Macon Police Department on September 25, 2011, the incident date giving rise to the instant lawsuit.  To the extent that Plaintiffs are alleging that Defendant Sergeant Jeremy Malone engaged in unconstitutional actions on the incident date giving rise to the instant lawsuit, any such allegations are denied as pled.

## **FACTUAL ALLEGATIONS**

12.

Upon information and belief, this Defendant admits that Plaintiff Henry Young, Sr. is an African American male.  This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in the remainder of paragraph 12 of Plaintiffs' Complaint and can neither admit nor deny the same.

13.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiffs' Complaint and can neither admit nor deny the same.

14.

Upon information and belief, this Defendant admits that Plaintiff Christine Young is an African American female.  This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in the remainder of paragraph 14 of Plaintiffs' Complaint and can neither admit nor deny the same.

15.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in first sentence of paragraph 15 of Plaintiffs' Complaint and can neither admit nor deny the same.

16.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 16 of Plaintiffs' Complaint and can neither admit nor deny the same.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint are admitted.

18.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 18 of Plaintiffs' Complaint and can neither admit nor deny the same.

19.

The allegations contained in Paragraph 19 of Plaintiffs' Complaint are admitted.

20.

This Defendant admits that Defendant Sergeant Jeremy Malone conducted a "Terry" stop on Henry Young, Jr.  This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in the remainder of paragraph 20 of Plaintiffs' Complaint and can neither admit nor deny the same.

21.

Upon information and belief, this Defendant admits the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied.

23.

This Defendant admits that Henry Young, Jr. did not stand still while Defendant Sergeant Jeremy Malone was searching him.  The remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint are denied.

24.

Upon information and belief, Defendant Sergeant Jeremy Malone identified "safety" and the fact that Henry Young, Jr. matched the description and location of suspects involved in an armed robbery earlier that evening as reasons, among others, as to why he placed Henry Young, Jr. in handcuffs.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint are admitted.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint are admitted.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint are admitted with the exception of the word "short," which is denied as pled.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint are admitted.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint are admitted.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied.

31.

This Defendant admits that Henry Young, Jr. did not follow Defendant Sergeant Jeremy Malone's verbal commands and further admits that Defendant Sergeant Jeremy Malone struck Young's abdomen area after Henry Young, Jr. refused to follow Defendant Sergeant Jeremy Malone's verbal commands to spit out the crack cocaine he tried to swallow.  The remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied.

32.

This Defendant admits that Henry Young, Jr. did not follow Defendant Sergeant Jeremy Malone's verbal commands and further admits that Defendant Sergeant Jeremy Malone struck Young's abdomen area after Henry Young, Jr. refused to follow Defendant Sergeant Jeremy Malone's verbal commands to spit out the crack cocaine he tried to swallow.  The remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint are admitted.

34.

The allegations contained in Paragraph 34 of Plaintiffs' Complaint are admitted.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint are admitted.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint are admitted.

37.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 37 of Plaintiffs' Complaint and can neither admit nor deny the same.

38.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 38 of Plaintiffs' Complaint and can neither admit nor deny the same as there is no time frame given for the facts alleged.  To the extent Plaintiffs are merely repeating the same averments contained in paragraphs 31 - 33, this Defendant admits that Henry Young, Jr. did not follow Defendant Sergeant Jeremy Malone's verbal commands and further admits that Defendant Sergeant Jeremy Malone struck Young's abdomen area after Henry Young, Jr. refused to follow Defendant Sergeant Jeremy Malone's verbal commands to spit out the crack cocaine he tried to swallow.  When Henry Young, Jr. continued to refuse to obey Defendant Sergeant Jeremy Malone's verbal commands to spit out the crack cocaine pepper spray was dispensed.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Complaint are admitted.

40.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied as pled. This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

41.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied as pled. This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

42.

The allegations contained in Paragraph 42 of Plaintiffs' Complaint are denied as pled. This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

43.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied as pled. This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

44.

The allegations contained in Paragraph 44 of Plaintiffs' Complaint are denied.

45.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 45 of Plaintiffs' Complaint and can neither admit nor deny the same.

46.

The allegations contained in Paragraph 46 of Plaintiffs' Complaint are denied.

47.

The allegations contained in Paragraph 47 of Plaintiffs' Complaint are denied.

48.

The allegations contained in Paragraph 48 of Plaintiffs' Complaint are denied.

49.

The allegations contained in Paragraph 49 of Plaintiffs' Complaint are denied.

50.

The allegations contained in Paragraph 50 of Plaintiffs' Complaint are denied.

51.

The allegations contained in Paragraph 51 of Plaintiffs' Complaint are denied.

52.

The allegations contained in Paragraph 52 of Plaintiffs' Complaint are admitted.

53.

This Defendant admits that Plaintiff Christine Young stepped out onto her porch on September 25, 2011.

54.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 54 of Plaintiffs' Complaint and can neither admit nor deny the same.

55.

The allegations contained in Paragraph 55 of Plaintiffs' Complaint are denied as pled. This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

56.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 56 of Plaintiffs' Complaint and can neither admit nor deny the same.

57.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 57 of Plaintiffs' Complaint and can neither admit nor deny the same.

58.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 58 of Plaintiffs' Complaint and can neither admit nor deny the same.

59.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 59 of Plaintiffs' Complaint and can neither admit nor deny the same.

60.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 60 of Plaintiffs' Complaint and can neither admit nor deny the same.

61.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 61 of Plaintiffs' Complaint and can neither admit nor deny the same.

62.

The allegations contained in Paragraph 62 of Plaintiffs' Complaint are denied.

63.

The allegations contained in Paragraph 63 of Plaintiffs' Complaint are denied.

64.

The allegations contained in Paragraph 64 of Plaintiffs' Complaint are denied.

65.

The allegations contained in Paragraph 65 of Plaintiffs' Complaint are denied.

66.

The allegations contained in Paragraph 66 of Plaintiffs' Complaint are denied.

67.

The allegations contained in Paragraph 67 of Plaintiffs' Complaint are denied.

68.

This Defendant admits that a second officer approached Plaintiff Christine Young and instructed her to put her hands behind her back.  This Defendant is without sufficient information or knowledge to form a belief as to the truth of the remainder of the averments contained in paragraph 68 of Plaintiffs' Complaint and can neither admit nor deny the same.

69.

This Defendant admits that Plaintiff Christine Young refused to follow Defendant Sergeant Jeremy Malone's verbal commands.  The remaining allegations contained in Paragraph 69 of Plaintiffs' Complaint are denied.

70.

The allegations contained in Paragraph 70 of Plaintiffs' Complaint are admitted.

71.

The allegations contained in Paragraph 71 of Plaintiffs' Complaint are denied as pled.

72.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 72 of Plaintiffs' Complaint and can neither admit nor deny the same. This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

73.

The allegations contained in Paragraph 73 of Plaintiffs' Complaint are admitted.

74.

This Defendant admits that Plaintiff Henry Young, Sr. refused to follow Defendant Sergeant Jeremy Malone's verbal commands.  The remaining allegations contained in Paragraph 74 of Plaintiffs' Complaint are denied.

75.

The allegations contained in Paragraph 75 of Plaintiffs' Complaint are admitted. However, this Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

76.

The allegations contained in Paragraph 76 of Plaintiffs' Complaint are admitted. However, this Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

77.

The allegations contained in Paragraph 77 of Plaintiffs' Complaint are denied.   This Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

78.

The allegations contained in Paragraph 78 of Plaintiffs' Complaint are denied.   This Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

79.

The allegations contained in Paragraph 79 of Plaintiffs' Complaint are denied. This Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

80.

The allegations contained in Paragraph 80 of Plaintiffs' Complaint are denied. This Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

81.

The allegations contained in Paragraph 81 of Plaintiffs' Complaint are denied. This Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

82.

The allegations contained in Paragraph 82 of Plaintiffs' Complaint are denied. This Defendant denies any alleged violations of law and expressly denies that this defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

83.

The allegations contained in Paragraph 83 of Plaintiffs' Complaint are admitted.

84.

The allegations contained in Paragraph 84 of Plaintiffs' Complaint are admitted.

85.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 85 of Plaintiffs' Complaint and can neither admit nor deny the same.

86.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 86 of Plaintiffs' Complaint and can neither admit nor deny the same.

87.

The allegations contained in Paragraph 87 of Plaintiffs' Complaint are admitted.

88.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 88 of Plaintiffs' Complaint and can neither admit nor deny the same.

89.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 89 of Plaintiffs' Complaint and can neither admit nor deny the same.

90.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 90 of Plaintiffs' Complaint and can neither admit nor deny the same.

91.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 91 of Plaintiffs' Complaint and can neither admit nor deny the same.

92.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 92 of Plaintiffs' Complaint and can neither admit nor deny the same.

93.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 93 of Plaintiffs' Complaint and can neither admit nor deny the same.

94.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 94 of Plaintiffs' Complaint and can neither admit nor deny the same.

95.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 95 of Plaintiffs' Complaint and can neither admit nor deny the same.

96.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 96 of Plaintiffs' Complaint and can neither admit nor deny the same.

97.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 97 of Plaintiffs' Complaint and can neither admit nor deny the same.

98.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 98 of Plaintiffs' Complaint and can neither admit nor deny the same.

99.

The allegations contained in Paragraph 99 of Plaintiffs' Complaint are denied.  This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.

**COUNT I: EXCESSIVE FORCE**
**(4TH Amendment & 42 U.S.C. § 1983)**

100.

Defendant incorporates by reference the responses contained in the foregoing Paragraphs of this Answer as if stated fully therein.

101.

This Defendant admits that Defendant Sergeant Jeremy Malone was acting under color of and pursuant to the laws of the State of Georgia, City of Macon, and United States of America at

all times pertinent to Plaintiffs' Complaint. To the extent that Plaintiffs allege that Defendant Sergeant Jeremy Malone engaged in unconstitutional actions in the scope of his employment with the Macon Police Department, any such allegation is hereby denied as pled.

102.

The allegations contained in Paragraph 102 of Plaintiffs' Complaint are denied.

103.

The allegations contained in Paragraph 103 of Plaintiffs' Complaint are denied.

104.

The allegations contained in Paragraph 104 of Plaintiffs' Complaint are denied.  This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.  Defendant further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

105.

The allegations contained in Paragraph 105 of Plaintiffs' Complaint are denied.  This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.  Defendant further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

106.

The allegations contained in Paragraph 106 of Plaintiffs' Complaint are denied.   This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.   Defendant

further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

### COUNT II – ASSAULT & BATTERY
### (O.C.G.A. § 51-1-13 & 51-1-14)

107.

This Defendant incorporates by reference the responses contained in the foregoing Paragraphs 5-9 of this Answer as if stated fully therein.  This Defendant denies that it has waived sovereign immunity and denies that it has purchased liability insurance that provides coverage for the allegations in Plaintiffs' Complaint.

108.

This Defendant admits that Defendant Sergeant Jeremy Malone was acting under color of and pursuant to the laws of the State of Georgia, City of Macon, and United States of America at all times pertinent to Plaintiffs' Complaint. To the extent that Plaintiffs allege that Defendant Sergeant Jeremy Malone engaged in unconstitutional actions in the scope of his employment with the Macon Police Department, any such allegation is hereby denied as pled.

109.

The allegations contained in Paragraph 109 of Plaintiffs' Complaint are admitted except to the extent Plaintiffs allege that Defendant Sergeant Jeremy Malone engaged in unconstitutional actions in the performance of discretionary duties.  Any such allegation of unconstitutional actions is hereby denied as pled.

110.

The allegations contained in Paragraph 110 of Plaintiffs' Complaint are denied.

111.

The allegations contained in Paragraph 111 of Plaintiffs' Complaint are denied.   This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.   Defendant further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

112.

The allegations contained in Paragraph 112 of Plaintiffs' Complaint are denied.   This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.   Defendant further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

113.

The allegations contained in Paragraph 113 of Plaintiffs' Complaint are denied.

## COUNT V – NEGLIGENT TRAINING
### (O.C.G.A. § 51-1-1 et.seq.)

114.

Defendant incorporates by reference the responses contained in the foregoing Paragraphs 6-9 of this Answer as if stated fully therein. This Defendant denies that it has waived sovereign immunity and denies that it has purchased liability insurance that provides coverage for the allegations in Plaintiffs' Complaint.

115.

This Defendant admits that Defendant Sergeant Jeremy Malone was acting under color of and pursuant to the laws of the State of Georgia, City of Macon, and United States of America at

all times pertinent to Plaintiffs' Complaint. To the extent that Plaintiffs allege that Defendant Sergeant Jeremy Malone engaged in unconstitutional actions in the scope of his employment with the Macon Police Department, any such allegation is hereby denied as pled.

116.

The allegations contained in Paragraph 116 of Plaintiffs' Complaint are admitted except to the extent Plaintiffs allege that Defendant Sergeant Jeremy Malone engaged in unconstitutional actions in the performance of discretionary duties.  Any such allegation of unconstitutional actions is hereby denied as pled.

117.

The allegations contained in Paragraph 117 of Plaintiffs' Complaint are admitted.  This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.   This Defendant further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

118.

The allegations contained in Paragraph 118 of Plaintiffs' Complaint are denied.  This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged in any conduct which violated any of Plaintiffs' statutory or constitutional rights.   This Defendant further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

119.

The allegations contained in Paragraph 119 of Plaintiffs' Complaint are denied.  This Defendant denies any alleged violations of law and expressly denies that this Defendant engaged

in any conduct which violated any of Plaintiffs' statutory or constitutional rights.  Defendant further denies that Plaintiffs are entitled to recover from this Defendant in any amount upon any of the stated claims.

120.

This Defendant denies all prayers for relief.  Any averments contained in Plaintiffs' Complaint not specifically admitted herein, or for want of sufficient information neither admitted nor denied, are hereby denied.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant City of Macon respectfully requests the following:

(1)     That Plaintiffs take nothing by reason of the Complaint;

(2)     That Plaintiffs' Complaint be dismissed, and the costs of this action charged to Plaintiffs;

(3)     That judgment be entered for Defendant City of Macon in regard to Plaintiffs' claims set forth in their Complaint;

(4)     That judgment be entered in favor of Defendant City of Macon for the costs of defending this lawsuit and the claims set forth in Plaintiffs' Complaint, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

(5)     That Defendant City of Macon have a trial by jury of twelve; and

(6)     That this Court award Defendant City of Macon such other relief as this Court deems just and proper in regard to Plaintiffs' Complaint.

Respectfully submitted, this the 24th day of October, 2013.

/s/ Duke R. Groover
DUKE R. GROOVER
Georgia Bar No. 313225

/s/ Carol L. Underwood
CAROL L. UNDERWOOD
Georgia Bar No. 198176

Attorneys for Defendant City of Macon

JAMES-BATES-BRANNAN-GROOVER-LLP
231 Riverside Drive, Suite 100
Post Office Box 4283
Macon, Georgia 31208-4283
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing

*Answer of Defendant City of Macon* with the Clerk of Court using the CM/ECF System, which

will send notification of the filing to the interested parties to this action.

William J. Atkins, Esq.
*Attorney for Plaintiffs*
ATKINS & FIFE, LLC
6400 Powers Ferry Rd., Suite 355
Atlanta, Georgia  30339


Jeremy Malone
*Defendant (at last known address)*
1221 25th Terrace SW
Vero Beach, FL  32968


This the 24th day of October, 2013.

/s/ Carol L. Underwood
CAROL L. UNDERWOOD
Georgia Bar No. 198176
Attorney for Defendant City of Macon

JAMES-BATES-BRANNAN-GROOVER-LLP
231 Riverside Drive, Suite 100
Post Office Box 4283
Macon, Georgia 31208-4283
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)